UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM MANIGO, | Civil Action No. 17-6207 (SDW) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| PATRICK NOGAN, et al., | |
| Respondents. | |

IT APPEARING THAT:

1. On or about August 12, 2017, Petitioner, William Manigo, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court aggravated manslaughter conviction. (ECF No. 1).

2. On October 6, 2017, after Petitioner paid the appropriate filing fee, this Court entered an Order screening Plaintiff's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in which the Court found that the petition appeared to be time barred. (ECF No. 3). As such, this Court ordered Petitioner to show cause within thirty days why his petition should not be dismissed as time barred. (*Id.*).

3. Petitioner has not filed a response to that Order, despite the passage of well over three months.[1] (ECF Docket Sheet).

4. As this Court previously explained,

> this Court is required to preliminarily review his petition under Rule 4 of the Rules Governing Section 2254 Cases and determine whether

---

[1] Although Petitioner did send the Court a letter which this Court received on October 18, 2017, that letter does not respond to the Order to Show Cause and appears to have been sent prior to Petitioner's receipt of the Order reopening his case and discusses only Petitioner's attempts to pay the filing fee. (ECF No. 4). This Court does not construe that letter to be either a response to the Order or a request for more time within which to respond.

1

it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under this Rule, this Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 are subject to a one year statute of limitations. *See See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *see also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013). In most cases, including this one, that one year statute of limitations begins to run on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. *Ross*, 712 F.3d at 798; *Jenkins*, 705 F.3d 84; *see also* 28 U.S.C. § 2244(d)(1)(A).

In this matter, Petitioner was convicted after a jury trial and was sentenced on October 17, 2008. (ECF No. 1 at 2). Petitioner appealed, and the Superior Court of New Jersey – Appellate Division affirmed his conviction by way of an opinion issued on August 1, 2011. *See State v. Manigo*, 2011 WL 3241488 (N.J. App. Div. Aug. 1, 2011). Petitioner thereafter filed a petition for certification, which was denied by the New Jersey Supreme Court on January 13, 2012. *State v. Manigo*, 209 N.J. 97 (2012). As Petitioner did not file a petition for certiorari, his conviction became final ninety days later on April 12, 2012, and Petitioner's one year statute of limitations began to run as of that date. Absent some form of tolling, then, Petitioner's one year limitations period would have run by April 12, 2013.

The AEDPA statute of limitations is subject to statutory tolling which automatically applies to the period of time during which a petitioner has a properly filed petition for post-conviction relief (PCR) pending in the state courts. *Jenkins*, 705 F.3d at 85 (quoting 28 U.S.C. § 2244(d)(2)). According to Petitioner he filed his PCR petition on December 11, 2012. (ECF No. 1 at 4). The state PCR trial court denied that petition in 2013, and Petitioner appealed. The Appellate Division affirmed the denial of Petitioner's PCR petition on February 25, 2016. *State v. Manigo*, 2016 WL 731871 (N.J. App. Div. Feb. 25, 2016). Petitioner thereafter sought certification, which was denied by the Supreme Court on November 3, 2016. *See State v. Manigo*, 228 N.J. 246 (2016).

2

> Based on this procedural history, Petitioner's one year limitations period began to run on April 12, 2012. Two hundred and forty three days of that one year period expired before Petitioner filed his PCR petition on December 11, 2012. Petitioner's one year limitations period was thereafter tolled while his PCR remained pending. That tolling, however, expired once the New Jersey Supreme Court denied certification on November 3, 2016. Petitioner's one year limitations period resumed running as of that date, and the remaining one hundred and twenty two days of Petitioner's limitations period had thus run by March 5, 2017. Petitioner's current habeas petition therefore appears to be time barred by approximately five months absent some basis for equitable tolling.
>
> Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To receive the benefit of equitable tolling, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)).

(ECF No. 3 at 1-3, paragraph numbers omitted).

5. Petitioner provided no basis for the equitable tolling of the limitations period in his original petition, and, despite the passage of over three months since the Court entered its Order directing Petitioner to show cause why his petition should not be dismissed, Petitioner has failed to respond or otherwise provide this Court with any basis for finding that his petition is entitled to equitable tolling. As Petitioner's habeas petition is time barred by five months, as Petitioner has failed to show any basis for the equitable tolling of the one year limitations period, and as this Court perceives no basis for tolling from the record, Petitioner's habeas petition is well and truly time barred and must therefore be dismissed. *Ross*, 712 F.3d at 798.

6. Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless

he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Petitioner's habeas petition is well and truly time barred and Petitioner has utterly failed to demonstrate any basis for equitable tolling, jurists of reason could not debate that this Court is correct in determining that his petition must be dismissed as untimely. A certificate of appealability is therefore denied.

9. In conclusion, Petitioner's petition for a writ of habeas corpus (ECF No. 1) is DISMISSED as time barred, and Petitioner is DENIED a certificate of appealability. An appropriate order follows.


Dated: January 29, 2018                         *s/ Susan D. Wigenton*
                                                Hon. Susan D. Wigenton,
                                                United States District Judge